# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                            CRIMINAL ACTION NO. 6:09-cr-00253-2

DAMON THOMAS BRANNAN,

        Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On July 17, 2017, July 24, 2017, and August 30, 2017, the Defendant, Damon Thomas Brannan, appeared in person and by counsel, Ann Mason Rigby, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Amendments to Petitions* submitted by the Defendant's supervising probation officer. The United States was represented at the hearings. United States Probation Officer Kara Dills was also present at the hearings.

On March 8, 2011, the Defendant was sentenced to a term of imprisonment of 96 months to be followed by a 3-year term of supervised release. The Defendant began serving the term of supervised release on July 8, 2016. On November 1, 2016, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release. On December 21, 2016, the *Amendment to Petition* was filed, on May 24, 2017, the *Second Amendment to Petition* was filed, and on July 11, 2017, the *Third Amendment to Petition* was filed, all charging the Defendant with violating additional conditions of supervised release.

At these hearings, the Court found that the Defendant had received written notice of the

alleged violations as contained in the *Petition* and *Amendments*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and *Amendments*, specifically:

**Petition:**

1. **Violation of statutory condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance:**

    On August 11 and August 24, 2016, Mr. Brannan submitted urine specimens that tested positive for methamphetamine. Mr. Brannan admitted using methamphetamine to this officer. He signed a voluntary admission form acknowledging his conduct on both occasions.

    On September 6, September 13, and September 26, 2016, Mr. Brannan submitted urine specimens that tested positive for methamphetamine. Mr. Brannan admitted using methamphetamine to this officer on each occasion.

2. **Violation of special condition: The defendant shall participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer:**

    On July 12, 2016, Mr. Brannan was placed on the Mid-Ohio Valley Day Report Center urine screen hotline and instructed to participate in the program and follow the urine analysis hotline reporting instructions. On August 2, September 22, and October 4, 2016, Mr. Brannan failed to report to the Mid-Ohio Valley Day Report Center for a urine screen as instructed.

    On September 27, 2016, Mr. Brannan was instructed to report to Westbrook Health Services to complete the paperwork for admission into the inpatient substance abuse detox program. He was instructed to enroll in and successfully complete the program. Mr. Brannan failed to report to the program as directed on September 27, 2016. He was again instructed on September 28, September 29, and September 30, 2016 to report to Westbrook in person, and he failed to do so.

**First Amendment to Petition:**

Amendment to Violation No. 1

<u>Violation of statutory condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance:</u>

On August 11, 2016, Mr. Brannan submitted a urine specimen that tested positive for amphetamine and methamphetamine. Mr. Brannan admitted using methamphetamine to this officer. He signed a voluntary admission form acknowledging his conduct.

On August 24, 2016, Mr. Brannan submitted a urine specimen that tested positive for methamphetamine. Mr. Brannan admitted using methamphetamine to this officer. He signed a voluntary admission form acknowledging his conduct.

On September 6, 2016, Mr. Brannan submitted a urine specimen that tested positive for amphetamine and methamphetamine. Mr. Brannan admitted using methamphetamine to this officer on this occasion.

On September 13, 2016, Mr. Brannan submitted a urine specimen that tested positive for amphetamine, methamphetamine, and benzoylcgonine (cocaine metabolite).

On September 26, 2016, Mr. Brannan submitted a urine specimen that tested positive for amphetamine and methamphetamine. Mr. Brannan admitted using methamphetamine to this officer on this occasion.

On November 30, 2016, Mr. Brannan submitted a urine specimen that test positive for amphetamine and methamphetamine. Mr. Brannan admitted to using methamphetamine and signed a voluntary admission form acknowledging his conduct.

Amendment to Violation No. 2

<u>Violation of special condition: The defendant shall participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer:</u>

On October 14, October 19, October 27, November 2, November 10, and November 15, 2016, Mr. Brannan failed to report to the Mid-Ohio Valley Day Report Center for a urine screen as instructed.

Mr. Brannan failed to attend his scheduled individual outpatient substance abuse treatment sessions at the Mid-Ohio Valley Day Report Center on September 28 and October 4, 2016.

Violation No. 3

<u>Violation of standard condition number two: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month:</u>

Mr. Brannan failed to submit a truthful and complete written report for the months of September and October 2016.

**Second Amendment:**

| Violation Number: | Nature of Noncompliance |
|---|---|
| Amendment to Violation No. 1 | **Violation of statutory condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance:** |
| | On April 26, 2017, the defendant submitted a urine specimen that tested positive for amphetamine and methamphetamine. |
| Amendment to Violation No. 2 | **Violation of special condition: The defendant shall participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer:** |
| | On May 4, 2017, Mr. Brannan failed to report to the Mid-Ohio Valley Day Report Center for a urine screen as instructed. |
| Violation No. 4 | **Violation of standard condition number three: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer:** |
| | On April 26, 2017, the defendant was instructed by the probation officer to contact this officer by phone on April 28. 2017. The defendant failed to contact the probation officer at instructed. |
| Violation No. 5 | **Violation of modified condition: The defendant shall participate in Prestera's PARC Riverside 28-day program, to be followed by the 3-6 month program. The defendant shall comply with all rules and regulations of both programs and shall successfully complete both programs:** |
| | On January 27, 2017, the defendant was released from custody to begin Prestera's PARC Riverside 28-day program, to be followed by the 3- 6 month program. On April 11, 2017, Mr. Brannan was discharged from the program prior to completion. |

**Third Amendment:**

| | |
|---|---|
| Amendment to Violation No. 2 | **<u>Violation of special condition: The defendant shall participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer:</u>** |
| | On May 9, May 16, May 24, June 7, June 16, and June 22, 2017, Mr. Brannan failed to report to the Mid-Ohio Valley Day Report Center for a urine screen as instructed. |
| Violation No. 6 | **<u>Violation of standard condition number eleven: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer:</u>** |
| | On May 16, 2017, the defendant was questioned by a member of the Wood County, West Virginia, Sheriff's Department. Deputies were dispatched to the Travel Lodge located at 3604 East 7th Street, Parkersburg, West Virginia, to conduct a welfare check on a female in response to a report of a domestic incident. When the officers arrived, they encountered three males, including the defendant, and a female. A local record check was conducted on all individuals to check for outstanding warrants. No charges were filed on any of the individuals as a result of the incident. The defendant failed to report this questioning to the probation officer. |

In making these findings, the Court relied upon the information contained in the *Petition* and *Amendments*, the statements of the Defendant and his counsel, and the evidence presented at the hearings.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **15 MONTHS**. The defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. The Court recommends that the defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse

treatment programs which may be offered by the Bureau of Prisons. The Court recommends that the Defendant be placed in FMC Lexington. Further, the Court recommends that the Defendant be released from the Bureau of Prisons to a half-way house facility prior to expiration of his sentence.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 14, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE